UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Abelv v. Monsanto*,<br>Case No. 3:21-cv-07124-VC<br><br>*Booth v. Monsanto*,<br>Case No. 3:20-cv-04654-VC<br><br>*Coressel v. Monsanto*,<br>Case No. 3:20-cv-03720-VC<br><br>*Cryan v. Monsanto*,<br>Case No. 3:17-cv-05084-VC<br><br>*Dominique v. Monsanto*,<br>Case No. 3:21-cv-02705-VC<br><br>*Doran v. Monsanto*,<br>Case No. 3:20-cv-02650-VC<br><br>*Holliday v. Monsanto*,<br>Case No. 3:19-cv-03014-VC<br><br>*Perillo v. Monsanto*,<br>Case No. 3:21-cv-02550-VC<br><br>*Perry v. Monsanto*,<br>Case No. 3:21-cv-05621-VC<br><br>*Putzrath v. Monsanto*,<br>Case No. 3:19-cv-03786-VC | **PRETRIAL ORDER NO. 315: ORDER GRANTING IN PART AND DENYING IN PART MONSANTO'S MOTION TO EXCLUDE EXPERT SOL BOBST**<br><br>Re: Dkt. No. 18994 |

*Rhuland v. Monsanto*,
Case No. 3:19-cv-05598-VC

*Rodgers v. Monsanto*,
Case No. 3:21-cv-03297-VC

*Rowland v. Monsanto*,
Case No. 3:19-cv-05310-VC

*Setzer v. Monsanto*,
Case No. 3:17-cv-03448-VC

*Stackhouse v. Monsanto*,
Case No. 3:21-cv-02908-VC

*Williams v. Monsanto*,
Case No. 3:20-cv-04758-VC

Monsanto's motion to exclude the testimony of Dr. Sol Bobst is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior *Daubert* rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

The plaintiffs make clear in their opposition that Bobst is not being offered as a general or specific causation expert. Opp. (Dkt. No. 19432) at 3, 7–10. That means he may not offer opinions such as "exposure to glyphosate poses a cancer hazard in humans," or an individual plaintiff's exposure to glyphosate "would show an increased risk as a significant contributing factor towards NHL." Bobst Report (*Booth*) (Dkt. No. 18994-15) at 10; Bobst Dep. (*Booth*) at 13:7–10.

That leaves the portion of Monsanto's motion directed at Bobst's exposure calculation opinions. Monsanto's motion is denied as to the accumulation rate Bobst used and his methods

for individualizing exposure calculations. Bobst's experience as a toxicologist and his participation in a field study to observe a plaintiff spraying Roundup are enough to conclude he used a reliable methodology to come to his one "drop per second" accumulation assumption. *See* 3rd Supp. Statement Relating to Glyphosate Risk Assessments (Dkt. No. 19432-18). And although Bobst's use of self-reported sources for incorporating plaintiff-specific information has its limitations, Monsanto's attacks are really attacks on the available evidence, which can be exposed on cross examination. *See* Pretrial Order No. 290 (Dkt. No. 18320) at 4.

Monsanto's motion is granted as to Bobst's use of a 2% absorption rate. Bobst himself admits that his 2% absorption rate assumption doesn't take into account more recent studies that show lower absorption rates. *See* Bobst Supp. Statement on Dermal Absorption of Glyphosate in Previous Risk Assessment Models (Dkt. No. 18994-41) at 1. He promised to use the updated data for future models, so it follows that he may only testify about exposure estimates using the corrected data.

**IT IS SO ORDERED.**

Dated: March 14, 2025

VINCE CHHABRIA
United States District Judge